(89 South. 849)

**STATE ex rel. DAVIS, Atty. Gen., v. EVANS, Judge of Tenth Judicial Circuit.**
(6 Div. 885.)

(Court of Appeals of Alabama. April 19, 1921.)

Criminal law ⬚1083—Circuit court cannot order appeal withdrawn after certificate of appeal has been filed in appellate court.

The circuit court was without jurisdiction to order appeal withdrawn after certificate of appeal had been filed in the appellate court.

Petition by the State, on the relation of Harwell G. Davis, Attorney General, for mandamus to compel Hon. Richard V. Evans, as Judge of the Tenth Judicial Circuit, to expunge an order entered in the habeas corpus proceedings of Charles Margo. The petition granted, and the writ stayed.

The petition recites that Margo was indicted for murder, brought habeas corpus for bail, and was admitted to bail by Judge Evans in the sum of $7,500, and that immediately thereafter the deputy solicitor on March 11th prepared and filed a prayer for an appeal from said order which was filed in open court; that immediately thereafter, and before any other steps were taken, Joel B. Brown, employed by the estate of the deceased to prosecute the defendant, applied to the clerk of the circuit court for a certificate of appeal to be filed with this court, which was thereupon prepared and issued by said clerk and has been duly filed with the clerk of the Court of Appeals; that after notice of said appeal was given of appeal as aforesaid, and after said certificate had been issued, Judge Evans, as circuit judge, on, to wit, March 12th, entered the following order in said cause:

"March 12th, 1921. The solicitor appearing this day in open court and withdraws notice of appeal, and the order of suspension made heretofore is accordingly set aside. [Signed] Evans, Judge."

The petition further recites that under this last order, which petitioner alleges is void and of no effect, the sheriff had admitted Margo to bail and had released him from custody. The prayer of the petition is that the order be expunged and the sheriff be required to take Margo into custody and retain him until the further orders of this court.

Harwell G. Davis, Atty. Gen., and Joel B. Brown, of Birmingham, for appellant.

Brief of counsel did not reach the Reporter.

Palmer Daugette, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

March 16, 1921.

PER CURIAM. Let the rule nisi issue to the respondent, Richard V. Evans, judge of the Tenth judicial circuit, returnable on Thursday, April 7, 1921, at 3 o'clock p. m., to show cause why the writ prayed for in the petition should not be granted. And let an order issue to J. C. Hartsfield, sheriff of Jefferson county, Ala., commanding him to take the said Charles Margo, alias Charles Magro, into his custody and retain him therein pending further orders of this court.

April 7, 1921.

PER CURIAM. Come the parties, and it appearing to the court from the averments of the petition, the exhibits thereto, and the answer of the respondent to the rule nisi that the state had appealed from the order of the respondent made on the 11th day of March, 1921, granting bail to the petitioner in the case of Ex parte Charlie Margo, alias Charlie Magro, before the subsequent order of March 12, 1921, was made by respondent attempting to withdraw the appeal, and that the respondent was without jurisdiction to make said order because of said appeal to this court, and therefore that the same is void, it is ordered that the mandamus prayed by petitioner be and the same is hereby granted; but, it further appearing to the court that, after the issuance and service of the rule nisi on the respondent, the respondent entered an order in said case of Ex parte Charlie Margo, alias Charlie Magro, setting aside and vacating his said order of March 12, 1921, attempting to with-

draw said appeal, it is therefore ordered that the issuance of the peremptory writ be, and the same is, stayed.